UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:24-CR-00226-BAH |
| NATHANIEL RUSSELL, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S SENTENCING MEMORANDUM

Pursuant to Title 18 U.S.C. § 3553(a), Nathaniel Russell, by undersigned counsel, respectfully files this memorandum to assist the Court in its sentencing determination. Based on his acceptance of responsibility and expression of remorse, Mr. Russell respectfully submits a sentence 28 months' incarceration is sufficient, but not greater than necessary, to satisfy the purposes of punishment in this case.

Mr. Russell also requests the Court recommend that he be permitted to participate in the U.S. Bureau of Prisons (BOP) Residential Drug Abuse Program (RDAP).

### I. Defendant's Background

Mr. Russell is 21 years old and was born in Washington, D.C. His father died when he was eight years old, and he does not have contact with his mother. Following his father's death, school started to become difficult and his relationships with people around him started to deteriorate. His mother began a relationship with a man who abused him verbally and he felt unprotected by his mother. Mr. Russell left home at an early age due to his stepfather's abuse and alcohol dependency. He does not have good memories from his childhood and there were times when there was no food on the table. The family constantly stayed in different people's houses as they had financial hardships. Mr. Russell has been homeless since he was 15 years old. PSR, ¶¶ 103, 104, 106.

## II. Legal Standard

Determining the sentence in a federal criminal case is within the discretion of the district court. The Court's discretion is to be exercised upon consideration of the purposes of sentencing in light of the particular case and defendant before it. The sentencing guidelines cannot be used as a substitute for a sentencing court's independent determination of a just sentence based upon consideration of the statutory sentencing factors set forth in 18 U.S.C. §3553(a). *Nelson v. United States*, 555 U.S. 350 (2009); *Spears v. United States*, 555 U.S. 261 (2009). The Court's decisions in *Nelson* and *Spears* built upon its earlier decisions in *Kimbrough v. United States*, 552 U.S. 85 (2007), and *Gall v. United States*, 552 U.S. 38 (2007), establishing the sentencing guidelines are simply an advisory tool to be considered alongside other § 3553(a) statutory factors.

The factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the kinds of sentences available, (3) the guidelines range, (4) the need to avoid unwarranted sentencing disparities, (5) the need for restitution, and (6) the need for the sentence to reflect: the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to the defendant and others, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. See 18 U.S.C. §3553(a). The Court must weigh each of these factors when determining the appropriate sentence with the least amount of imprisonment necessary pursuant to §3553(a). *Id.*

"[T]he sentencing of defendants in federal court is such a common occurrence that it is important to occasionally pause and remember what is at stake. A human life … is taken away from family and familiar surroundings to serve days, months, years, or a

lifetime in a prison cell." *United States v. Faison*, No. GJH-19-27, 2020 WL 815699, at *1 (D. Md. Feb. 18, 2020). And, "[f]or him, every day, month and year that was added to the ultimate sentence will matter. The difference . . . between ten and fifteen months may determine … whether a son sees his sick parent before that parent passes away; the difference between probation and fifteen days may determine whether the defendant is able to maintain his employment and support his family." *Id*.

This concern exists "whether it is the newly incarcerated individual's first experience with incarceration or just the most recent," because regardless, "he must quickly adapt to the stunning loss of freedom and privacy while struggling to maintain any sense of his personal dignity." *Id*. Thus, the court continued, "it is crucial that judges give careful consideration to every minute that is added to a defendant's sentence." *Id.*

### III. Sentencing Recommendation

A sentence of 28 months incarceration is sufficient but not greater than necessary to achieve the goals of sentencing. According to the Judiciary Sentencing Information (JSIN), between the five fiscal years 2019 through 2023, there were 458 defendants whose primary guideline was §2D1.1 and Fentanyl was the primary drug type, with a Final Offense Level of 23 and a Criminal History Category of I, (similarly situated to Mr. Russell). For the 446 defendants (97%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 28 month(s) and the median length of imprisonment imposed was 24 month(s). PSR, ¶154.

### A. Nature and Circumstances of the Offense

The nature and circumstances of the offense are straightforward. Mr. Russell assisted in the sale of fentanyl for the "21st and Vietnam" crew, a drug trafficking organization in Washington, DC. He was responsible for at least four drug transactions

3

and is accountable for at least 280 grams but less than 400 grams of fentanyl.

## B. Personal Characteristics of Defendant

In addition to the personal characteristics set forth in the PSR with respect to his tragic early childhood experiences, Mr. Russell suffers from depression, has used several types of controlled substances since the age of 15. PSR, ¶¶ 103, 104, 106, 111, 113 and 114. Mr. Russell has expressed genuine remorse and early accepted responsibility for his conduct. He has also now sustained a federal criminal conviction, which will have serious collateral consequences for future employment and exercise of his civil rights.

## C. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Protect the Public From Further Crimes of the Defendant

While the offenses are in this case are undoubtedly serious, and Mr. Russell acknowledges such, he requests the Court observe that this federal felony conviction, and the subsequent supervised release will assist Mr. Russell in his rehabilitation and job search once released from prison. It will also afford him a structure he has never experienced in his life. See also, *United States v. Grossman*, 513 F.3d 592 (6th Cir. 2008) (affirming a downward variance from 120 months in prison to 66 months with 10 years' supervised release, and observing that the sentencing court "accounted for § 3553(a)'s concerns that the sentence protect society and deter future criminal conduct," but that "it opted to pursue those goals, not through a longer term of imprisonment, but through extensive counseling and treatment and an extensive period of supervised release". *Primer, Departure and Variance,* [1]U.S. Sentencing Commission, (June 2013) at p. 42.

---

[1] https://www.ussc.gov/sites/default/files/pdf/training/primers/Primer_Departure_and_Variance.pdf

### D. The Sentence Range Established For the Applicable Category of Offense As Set Forth In the Guidelines

Mr. Russell concurs with the United States that the appropriate advisory sentencing guidelines range is 46 months to 57 months, resulting from a Total Offense Level of 23, with a Criminal History Category I.

### E. Conclusion

For the foregoing reasons and such other reasons as may be presented at the sentencing hearing, Mr. Russell requests the Court impose no more than a 28 month term of imprisonment and recommend that he participate in RDAP.

Respectfully submitted,
NATHANIEL RUSSELL
By Counsel

/s/ Pleasant S. Brodnax, III
Pleasant S. Brodnax, III, VSB # 26477
1701 Pennsylvania Avenue, NW, Suite 200
Washington, D.C. 20006
202.462.1100
Email: pleasant.brodnax@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed by CM/ECF on the 6th day of April 2025, which will send a notification of such filing (NEF) to all counsel of record.

/s/ Pleasant S. Brodnax, III
Pleasant S. Brodnax, III